WHITE v. MOTLEY, et al.

STATUTE OF FRAUDS. *Parol evidence admissible to locate land when. Case in judgment.* Where an instrument is so drawn that upon its face it refers necessarily to some existing tract of land, and its terms can be applied to that one tract only, parol evidence may be employed to show where the tract so mentioned is located. Therefore, where a title bond described property as "a steam-mill and distillery, with all the machinery, appurtenances and fixtures thereunto belonging, together with all the grain, wood and one copper still, situate in the County of Smith and State (of Tennessee) aforesaid, near the village of Rome, in Civil District No. 13, on the banks of the Cumberland River, supposed to contain one and a half acres of land."

*Held,* in connection with parol identification of the property, a sufficient description under the Statute of Frauds.

Cases cited: Dobson v. Litton, 5 Cold., 616; Hodge v. Blanton, 1 Head, 560.

FROM SMITH.

Appeal from the Chancery Court. B. M. TILL-MAN, Chancellor.

TARVER & GOLLADAY and B. J. TURNER, for complainant.

S. M. FITE, and C. R. & LEE HEAD, for defendants.

SNEED, J., delivered the opinion of the Court.

The complainant and Ebenezer Stowe owned, as partners, a certain steam-mill and distillery in Smith County and an acre and a half of land upon which

the mill and distillery were built and operated.   Upon
the dissolution of the partnership, by the death of
Stowe,. the complainant, as the surviving partner, bar-
gained and sold the mill distillery and premises to
the defendants, Motley and Little, at the price of
$9,000—one-third whereof they paid in cash, and ex-
ecuted their two notes for $3,000 for the deferred
payments.   A title bond for the property was, at
the time, written by defendant, Motley, reciting the
terms of the contract and a general description of the
property, and was signed by complainant, White, as
surviving partner, and delivered to the defendants.
The defendants operated the establishment for nearly
two years, and seemed well satisfied with the bargain
until the second payment was demanded, which they
resisted upon several grounds.   The complainant filed
this bill to enforce his lien upon the property; and
to meet all questions as to the validity of the sale
by him and the integrity of the title, he brings all
the heirs of his deceased partner, Stowe, before the
Court, and invokes the action of the Court in con-
firmation of the sale as an advantageous one for all
of said heirs.   The defendants resist the proceeding, and
demand a rescission on the ground that the complain-
ant practiced a fraud upon them in selling them the
machinery of the distillery and mill as sound and
good, when it was, in fact, worn out and worthless;
upon the ground, also, that the title in complainant
and Stowe's heirs was defective; and upon the further
ground that the contract, as evidenced by the bond

for title, was void for uncertainty. These defences were made by cross-bill, as well as the further defence that the bond for title and other instruments produced in evidence were not available for complainant because they were not stamped in accordance with the Acts of Congress. The latter ground it is not necessary to notice. Upon very full, and, as we think, satisfactory proof, the rulings of the Chancellor upon all the defences assumed were in favor of the complainant. The rescission was refused, and a decree entered declaring the complainant's rights, confirming the sale, divesting the title out of Stowe's heirs, and decreeing a sale of the property in discharge of the lien. The defendants, Motley and Little, have brought the case here by writ of error.

Upon a careful investigation of the cause, we have arrived at the conclusion that upon no ground assumed by the defendants is this a proper case for rescission, and that the decree is correct. The good faith of the sale is, in our judgment, most clearly vindicated by the proof. It is manifest that the purchase was made upon the personal inspection of the defendants; upon their own judgments, and not upon any representation of the value of the property by complainant. The deraignment of title is made satisfactory by the confirmatory deed of Stowe's heirs. The only question that has presented any difficulty is made by the last amended cross-bill upon the Statute of frauds, as applied to the title bond. But this objection cannot not avail the defendants under the circumstances of

this case.    Where the transaction is otherwise fair, a Court of Equity would hesitate to set aside a contract of this kind, where the defective description of the premises was the work of one of the defendants, as in this case, and where the defendants have gone into possession and used and operated the establishment so long without complaint.    But in this case, the defective description, if it be one, cannot avail, as the complainant, by his bill, has opened the way for a full and complete remedy to the defendants, by describing the property in the bill and demanding a confirmation of the sale of the identical premises referred to in the bond.    The decree directs a preliminary survey of the acre and a half sold, so as to leave the mill and distillery as near the center as practicable, so that it is impossible that defendants can be injured, they having purchased for the buildings and machinery, which constituted the only value of the land, and the only inducement to the bargain. But, aside from all this, we hold that the description is sufficient, under the Statute of frauds.    The bond for title describes the property as ."a steam-mill and distillery, with all the machinery, appurtenances and fixtures thereunto belonging, together with all the grain, wood, and one copper still, situate in the county of Smith and State (of Tennessee) aforesaid, near the village of Rome, in Civil District No. 13, on the banks of the Cumberland River, supposed to contain one and a half acres of land."    Now, we apprehend, there could be no sort of difficulty in

finding and identifying the mill and distillery near Rome, in District 13, in Smith County, owned and operated by White & Stowe, prior to the 20th of March, 1866. This Court has said that where an instrument is so drawn that upon its face it refers necessarily to some existing tract of land, and its terms can be applied to that one tract only, parol evidence may be employed to show where the tract so mentioned is located. *Dobson* v. *Litton*, 5 Cold., 616. The case of *Hodge* v. *Blanton*, 1 Head, 560, is very analogous to this. In the sale of a tract of land, the plaintiff made this exception in the deed: "A small lot, reserved for a burial-ground, two poles square, around the graves where Wm. Hodge and his grand-children are now buried. The deed contained no other description of the land reserved, and it was held that the law would fix the boundary of the reservation by making the graves, which were there when the conveyance was made, a common center, from which, by lines equally extended each way, an area of two poles square is to be laid off." The description in the bond in question is much more definite and circumstantial, and we presume the Chancellor moulded his decree in reference to the case last cited. It seems that at the time of the purchase by the defendants, they had good reason to be well pleased with their investment; but, after a year or two, some legislation of Congress upon the subject of the manufacture of whisky, rendered the business comparatively unprofitable. The following extract from the

White *v.* Motley.

third amended cross-bill makes reference to this legislation: "They charge that it would be unjust to specifically execute said contract, by reason of the changed circumstances, since the alleged sale, in the change of the revenue laws on the subject of distilling whisky, which was one of the objects of the purchase, as was well-known to said White. This change has rendered the distillery part almost worthless, even if the machinery were of the best kind." But Courts of Equity are not constituted to relieve parties of a bad bargain, or to alter or modify their contracts, to conform to changed conditions and circumstances. As it turned out, the defendants have, doubtless, made an unfortunate bargain; but, upon a careful review of the case, we can find nothing in the conduct of the complainant or in any of the defences relied on, upon which they can be relieved.

The decree must, therefore, be affirmed, and the cause remanded.